CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 11 2008

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. JASPER, ) | |
| A.K.A. EDWARD A. JASPER, ) | |
| Plaintiff, ) | Civil Action No. 7:08cv00279 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KELLY D. CHRIS, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff William A. Jasper, also known as Edward A. Jasper, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, seeking damages in the amount of $200,000.00 for claims arising out of an incident alleged to have occurred on November 27, 2006, at Red Onion State Prison ("ROSP"), in Pound, Virginia.[1] Plaintiff has submitted a request to proceed in forma pauperis. The court will deny that request, and will dismiss the instant complaint without prejudice.

According to court records, plaintiff has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore,

---

[1] Plaintiff's name is "William Antoine Jasper," but he often files complaints in the federal courts using the name "Edward Antoine Jasper." Plaintiff's Virginia Department of Corrections ("VDOC") identification number is "290522."

[2] As "William Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Jasper v. Dailey, et al., 1:99cv01683 (E.D. Va. June 27, 2000); Jasper, et al. V. Harper, et al., 1:99cv01497 (E.D. Va. March 27, 2000); Jasper v. Rodriguez, et al., 7:00cv00159 (W.D. Va. May 16, 2000); Jasper v. Biggerstaff, et al., 1:01cv01059 (E.D. Va. September 17, 2001) (wherein plaintiff was explicitly notified of his "three strike" status); Jasper v. Henry, et al., 1:01cv01138 (E.D. Va. August 15, 2001); and Jasper v. Harper, et al., 1:00cv00374 (E.D. Va. March 27, 2000). Additionally, the following claims were dismissed, after the assessment of plaintiff's status as a "three striker," for plaintiff's failure to prepay the filing fee in full: Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005); Jasper v. King, et al., 1:05cv00446 (E.D. Va. July 31, 2005); Jasper v. Lyle, et al., 1:05cv00488 (E.D. Va. July 31, 2005). After the dismissal of Jasper v. Wilkins, et al., 1:05cv00041 (E.D. Va. April 20, 2005), for failure to pay the fee in full, plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which entered an order specifically remarking plaintiff's ineligibility to proceed without full prepayment of the fees because of his "three strike" status. See Fourth Circuit Case No. 05-6805 (October 6, 2005).

As "Edward Jasper," plaintiff has had the following complaints dismissed as frivolous, malicious, or for
(continued...)

plaintiff may not proceed with this action unless he either pays the $350.00 filing fee in full or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As plaintiff has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court will dismiss the complaint without prejudice.[4]

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 11th day of April, 2008.

                                                           /s/ [signature]
                                                         United States District Judge

---

[2](...continued)
failure to state a claim upon which relief may be granted: Jasper v. Fugate, 7:08cv00014 (W.D. Va. January 15, 2008); Jasper v. Mullins, et al., 7:07cv00497 (W.D. Va. November 8, 2007); and Jasper v. Fugate, 7:07cv00556 (W.D. Va. November 29, 2007).

[3] Plaintiff states that, on November 27, 2006, he was assaulted by another inmate, who threw urine and feces on him in the recreation yard at ROSP. Documentation of plaintiff's attempts to exhaust the available administrative remedies indicates that ROSP authorities investigated plaintiff's allegations, reviewed plaintiff's medical records and the relevant video surveillance tape of the recreation yard, and determined that there was "no evidence" to support plaintiff's allegations. Accordingly, the court finds that plaintiff's allegations fail to suggest that he faces "imminent" danger of "serious" physical harm arising from an incident alleged to have occurred on November 27, 2006.

[4] It is clear that plaintiff has been notified that the Prison Litigation Reform Act provides that, if an applicant has had three actions or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See Fourth Circuit Case No. 05-6805 (October 6, 2005) (informing plaintiff that at least three of his actions had been dismissed by district courts and met the dismissal requirements of § 1915(g), and that "[t]he three qualifying dismissals are: Jasper v. Biggerstaff, No. 01-CV-1059 (E.D. Va. Sept. 17, 2001); Jasper v. Henry, No. 01-CV-1138 (E.D. Va. Aug. 15, 2001); and Jasper v. Rodriguez, No. 00-CV-159 (W.D. Va. May 16, 2000)"); see also Jasper v. Adams, et al., 7:08cv00011 (W.D. Va. January 24, 2008); Jasper v. Deel, et al., 7:08cv00044 (W.D. Va. January 25, 2008); and Jasper v. Honaker, et al., 7:07cv00393 (W.D. Va. January 24, 2008). Therefore, the court will not give plaintiff additional time to pay the filing fee.

2